UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENNETH WAYNE PELL, | Case No. 16-cv-01291-JST |
| Plaintiff, | |
| v. | **SCHEDULING ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| **Event** | **Deadline** |
|---|---|
| Deadline to add parties or amend the pleadings | August 1, 2016 |
| Fact discovery cut-off | March 31, 2017 |
| Expert disclosures | April 21, 2017 |
| Expert rebuttal | May 12, 2017 |
| Expert discovery cut-off | May 26, 2017 |
| Deadline to file dispositive motions | June 16, 2017 |
| Pretrial conference statement due | August 29, 2017 |
| Pretrial conference | September 8, 2017 at 2:00 p.m. |
| Trial | October 2, 2017 at 8:30 a.m. |

| Event | Deadline |
|---|---|
| Estimate of trial length (in days) | Five |

This case will be tried to the court.

Counsel may not modify these dates without leave of court.  The parties shall comply with the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates.  All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm.  Requests for continuance are disfavored.  The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance.  The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

The parties were previously ordered to file either a Stipulation to ADR Process or a Notice of Need for ADR Phone Conference by May 24, 2016.  ECF No. 3 at 2.  They failed to comply with this order.  They state in their most recent Case Management Statement that

> The parties independently submitted ADR Certifications indicating that the parties prefer to engage in private mediation once sufficient discovery has been completed to enable a useful mediation.  The parties' counsel are familiar with each other and will work cooperatively to schedule mediation when most efficacious.

ECF No. 19 at 4.  This representation is consistent with the Court's personal experience with the maritime bar, in which repeat player counsel are typically able to litigate with greater professionalism and less formality than other segments of the civil bar.

Nonetheless, a court order is a court order, and counsel may not unilaterally excuse themselves from complying with it.  The parties are ordered to either to file either a Stipulation to ADR Process or a Notice of Need for ADR Phone Conference by July 8, 2016, or show cause in writing why sanctions should not be imposed for violation of a court order.  A hearing on the order

2

to show cause will be conducted on July 14, 2016 at 2:00 p.m. If the parties timely comply with their ADR filing obligations, the July 14, 2016 show cause hearing will be vacated.

The Case Management Conference scheduled for July 6, 2016 is vacated.

IT IS SO ORDERED.

Dated: July 1, 2016

_____
JON S. TIGAR
United States District Judge